UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 2:07-cr-0248-02 WBS |
| Plaintiff, | 2:16-cv-1180 WBS |
| v. | ORDER |
| LARRY AMARO, | |
| Defendant. | |

----oo0oo----

Defendant Larry Amaro filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence on May 31, 2016. (Docket No. 1398.) The Government filed its Response to the motion on June 30, 2016. (Docket No. 1403.) Pursuant to this court's Order of June 7, 2016, defendant's Reply was due to be filed no later than July 20, 2016. (Docket No. 1399.)

On July 18, 2016, the court received defendant's first Motion for Extension of Time to file his reply (Docket No. 1415), which the court granted on July 19, 2016. (Docket No. 1416.) Subsequently, the court received from defendant eleven more requests for extension of time to file his reply. (Docket Nos.

1

1429, 1441, 1461, 1477, 1493, 1505, 1526, 1567, 1584, 1590, and 1599.) The reason given for each request is substantially the same – that defendant is waiting to obtain unspecified exhibits or documents to support his motion.

Up to the most recent request, the court has granted each of defendant's requests to extend the time to file his Reply. However, defendant's § 2255 motion has now been on file for more than two years, and it has been more than 23 months since the Government's Response was filed. The court cannot postpone resolution of this motion indefinitely. Accordingly, defendant's most recent request for an extension of time to file his Reply (Docket No. 1599) will be denied, and the court will proceed to decide defendant's § 2255 motion.

For the reasons set forth in the Government's Response, defendant's motion must be denied. The first three grounds asserted for defendant's motion are (1) that this court erred in denying defendant's motion to suppress wiretap evidence; (2) that this court erred in allowing evidence concerning the Nuestra Familia gang; and (3) that this court erred in failing to hold a Franks[1] hearing in connection with the motion to suppress. Each of those claims were raised and decided adversely to defendant on his direct appeal. See United States v. Amaro, 613 F. App'x 600 (9th Cir. 2015).

When a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a § 2255 motion. United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999);

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972). Because defendant's first three grounds for relief were decided against him on appeal, they cannot be litigated here.

Defendant's fourth ground is ineffective assistance of his appellate counsel in the Ninth Circuit. Specifically, defendant claims that his appellate counsel "failed to communicate" with him, failed to include him in the "appeals process', and failed to show him certain unspecified briefs and transcripts.

Habeas Corpus Rule 2(c) requires that the petition "specify all the grounds for relief" and "state the facts supporting each ground." Defendant's vague and conclusory allegations with regard to this claim fail to comply with Rule 2(c). Accordingly, his fourth claim must be rejected. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims); Neighbors v. United States, 457 F.2d 795 (9th Cir. 1972) (holding that a § 2255 motion was properly denied where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

IT IS THEREFORE ORDERED that defendant Amaro's twelfth Request for Extension of Time to file his Reply (Docket No. 1599) be, and the same hereby is, DENIED;

AND IT IS FURTHER ORDERED that defendant Amaro's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1398) be, and the same hereby is, DENIED.

Dated: June 13, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE